**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:04CV484-C**

| | | |
|---|---|---|
| **BARBARA S. FANN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM AND RECOMMENDATION** |
| **SWISHER INTERNATIONAL,** | ) | |
| **INC., and SWISHER HYGIENE** | ) | |
| **FRANCHISE CORP.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the following motions, responses and replies:

1. "Defendant Swisher Hygiene Franchise Corporation's Motion to Dismiss or in the Alternative for Summary Judgment and Defendant Swisher International, Inc.'s Motion to Dismiss" (document #7), and "Defendants' Memorandum of Law in Support" (document #9), both filed October 18, 2004;

2. the "Affidavit of Mark T. Blake" (document #10) filed October 18, 2004;

3. the Defendants' "Certified Copy of Judgment and Certification by Superior Court Judge of Proper Form" (document #11) filed October 18, 2004;

4. the Pro Se Plaintiff's "Motion to Deny Defendant's Motion to Dismiss and/or Summary Judgment" (document #17) filed November 17, 2004;

5. the Pro Se Plaintiff's "Motion for Court to Deny Defendant's Motion to Dismiss and Allow Trial to Go Forward" (document #18) filed September 19, 2005;

6. the Pro Se Plaintiff's "Motion for Discovery to be Ordered to Proceed Pursuant to Civil Rules of Procedure and Initial Pretrial Conference to be Scheduled" (document #19) filed September

19, 2005;

7.  the "Defendants' Response to Plaintiff's Motion for Court to Deny Defendant's Motion to Dismiss and Allow Trial to Go Forward and Motion for Discovery to be Ordered to Proceed . . ." (document #20) filed September 27, 2005;

8.  the Plaintiff's "Response to Defendant's Petition for Summary Judgment Re: Swisher Hygiene Franchise Corporation and Motion to Proceed" and accompanying exhibits (document #22) filed September 7, 2006; and

9.  the "Defendants' Reply . . . and Response to Plaintiff's Motion to Proceed" (document #23) filed September 21, 2006.

On March 26, 2007, this matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the motions are ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the Defendants' Motion for Summary Judgment be <u>granted</u>, but that their request for attorney's fees be <u>denied</u>, and that the Plaintiff's Motion for Discovery be <u>denied</u> as moot, for the reasons discussed below.

## I. <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>

This is an action alleging gender-based discrimination, retaliation, general harassment, and a hostile work environment in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e ("Title VII").  Accepting the allegations of the Complaint as true, the Plaintiff has alleged several discriminatory violations of Title VII.  However, as discussed below, this Court cannot reach the merits of these claims as they have already been decided by another court.

Upon beginning her employment with the Defendants in December 2001, the Plaintiff signed

an arbitration agreement, which she described in one of her exhibits as "regarding any future disputes with said employer at the time (Swisher International, Inc., and Swisher Hygiene Franchise Corporation, both subsequently to be referred to collectively as the 'Company')." After many formal and informal claims of discrimination by the Plaintiff, the Defendant Swisher International, Inc. ("Swisher International") sent the Plaintiff a May 5, 2003 letter demanding "Binding Arbitration Pursuant to Arbitration Agreement Dated December 18, 2001." The letter stated that the purpose of the arbitration was "to review each and every claim made by [the Plaintiff] and have an independent determination by the outside arbitrators as to whether any claim has any validity, if any claim can be substantiated, and whether [Swisher International] can terminate [the Plaintiff's] employment."

The eleven-day arbitration was held and the arbitrator made the following findings in the July 19, 2003 Award:

For the Claimant:
1. Claimant may dismiss the Respondent from her employment at will
2. The dismissal of the Respondent from employment is not an act of Retaliation
3. The Respondent's claim has no basis in fact or equity, or law, and is frivolous
4. Claimant shall pay Respondent any and all commissions and wages due

For the Respondent:
1. On her claims of sexual harassment: Denied
2. On her claims of working in a hostile workplace: Denied
3. On her claims of discrimination: Denied
4. On her claims of conspiracy to defraud her of commissions: Denied
5. On her claims of denial of timely FMLA leave: Denied
6. On her claim of disparate treatment: Denied
7. On her claim of damage to her eyes: Denied
8. On her claim that Roger Furffaro falsified her time card: Denied
9. On her various and sundry claims of prejudice: Denied

Accordingly, I **AWARD** as follows:

**CLAIMANT** may dismiss **RESPONDENT** from her employment with Swisher, and such dismissal does not constitute retaliation.
Claimant shall only be responsible for commissions due on contracts sold by Respondent, and any contracts being recorded after her dismissal shall be paid her.
Claimant shall pay Respondent any wages due up to the date of her dismissal.

**RESPONDENT** has failed to prove her claims to the arbitrator, and therefore, Respondent shall recover nothing on her claims, and her claims are dismissed.

The above award is in full consideration for all claims presented and claims not appearing in the above award are denied. **This award is in full settlement of all claims and counterclaims submitted to this arbitration.**

On March 15, 2004, the Superior Court Division of Mecklenburg County, North Carolina entered an "Order Confirming Award of Arbitrator and Entry of Judgment." The Plaintiff did not seek to vacate, modify, or correct this award prior to entry of judgment, but it does appear from the record that she attempted, unsuccessfully, to appeal the award.

The Plaintiff alleges that the arbitrator was unprofessional, that the arbitration process was unfair, that the Defendants' attorney acted unethically, and that but for a family member's sudden illness she would have successfully appealed the arbitration award.

## II. DISCUSSION

### A. Standard of Review

Because the Court is considering additional evidence outside the Complaint submitted by both parties, the Defendants' motion will be converted to a Motion for Summary Judgment. Accordingly, pursuant to Federal Rule of Civil Procedure 56(c), summary judgment should be granted when the pleadings, responses to discovery, and the record reveal that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."

See also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). Once the movant has met its burden, the non-moving party must come forward with specific facts demonstrating a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). However, the party opposing summary judgment may not rest upon mere allegations or denials and, in any event, a "mere scintilla of evidence" is insufficient to overcome summary judgment. Id. at 249-50.

When considering summary judgment motions, courts must view the facts and the inferences therefrom in the light most favorable to the party opposing the motion. Id. at 255; Miltier v. Beorn, 896 F.2d 848, 850 (4th Cir. 1990); Cole v. Cole, 633 F.2d 1083, 1089 (4th Cir. 1980). Indeed, summary judgment is only proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotations omitted).

### B. Res Judicata

Defendant Swisher International, Inc. argues that the Plaintiff's claims against it are barred by the doctrine of res judicata. Defendant Swisher Hygiene Franchise Corp. ("Swisher Hygiene") also argues res judicata bars the Plaintiff's claims against it because at all relevant times it has been in privity with Swisher International.

It is well recognized that federal courts must give a state court judgment the same preclusive effect as the courts of that State would give the judgment, and that federal courts must apply the preclusion law of the State where the judgment was rendered. See, e.g., In re Heckert, 272 F.3d 253, 257 (4th Cir. 2001) (noting that this policy "is so strong that federal courts must give prior state

judgments res judicata effect even where the original case involved some exclusively federal causes"). Thus, applying North Carolina law, the first issue is whether an arbitration award which was later confirmed and judgment entered on the award warrants the same res judicata protections as any other final judgment.

North Carolina courts have recognized the following:

> The doctrine of res judicata applies to a judgment entered on an arbitration award as it does to any other final judgment. . . . Thus, a judgment entered on an arbitration award is conclusive of all rights, questions, and facts in issue, as to the parties and their privies, and as to them constitutes an absolute bar to a subsequent action arising out of the same cause of action or dispute . . .

> Such a judgment, like any other final judgment, operates as an estoppel not only as to all matters actually determined or litigated in the prior proceeding, but also as to all relevant and material matters within the scope of the proceeding which the parties, in the exercise of reasonable diligence, could and should have brought forward for determination.

Rodgers Builders, Inc. v. McQueen, 76 N.C. App. 16, 22, 331 S.E.2d 726, 730 (1985) (internal citations omitted). As a matter of law, therefore, the arbitration award must be treated as any final judgment would be in determining whether res judicata bars the Plaintiff's claims in this action.

For res judicata to apply, North Carolina requires a showing that "the previous suit resulted in a final judgment on the merits, that the same cause of action is involved, and that both [the plaintiff and defendants] were either parties or stand in privity with parties." Thomas M. McInnis & Assoc., Inc. v. Hall, 318 N.C. 421, 429, 349 S.E.2d 552, 557 (1986).

First, there is no question that the previous suit resulted in a final judgment on the merits. As noted above, North Carolina recognizes entry of judgment on an arbitration award in the same light as any other final judgment. In this case, the arbitration lasted for eleven days and the arbitrator entered an award specifically denying each of the Plaintiff's claims.

Next, the same causes of action ruled upon by the arbitrator are present here. In the instant

action, the Plaintiff alleges gender-based discrimination, retaliation, general harassment, and a hostile work environment in violation of Title VII. The arbitrator specifically found that the Plaintiff's claims of sexual harassment, a hostile workplace, discrimination, conspiracy to defraud her of commissions, denial of timely FMLA leave, disparate treatment, damage to her eyes, falsifying of her time card, and her "various and sundry claims of prejudice" all failed on the merits. These are unequivocally the same claims arising out of the same facts at issue in the arbitration.

In addition, there is no question that the Plaintiff and Swisher International were both expressly involved in the arbitration. As to Swisher Hygiene, a wholly-owned subsidiary of Swisher International, the law is clear that "a parent company and its wholly-owned subsidiary [are] in privity for the purpose of res judicata." Whitehead v. Viacom, 233 F. Supp. 2d 715, 721 (D. Md. 2002). See also International Telephone & Telegraph Corp. v. General Telephone & Electronics Corp., 380 F. Supp. 976, 984-85 (M.D.N.C. 1974) (same).

Finally, there is the issue of the Plaintiff's allegations that the arbitration process was flawed. However,

> [t]o be valid a judgment need not be free from error. Normally no matter how erroneous a final valid judgment may be on either the facts or the law, it has binding [r]es judicata and collateral estoppel effect in all courts, Federal and State, on the parties and their privies.

King v. Grindstaff, 284 N.C. 348, 360, 200 S.E.2d 799, 808 (1973) (citations omitted).

Accordingly, the undersigned will respectfully recommend that the Defendants' Alternative Motion for Summary Judgment be granted.

### C. Attorney's Fees

In addition to having this action dismissed, the Defendants' seek their attorney's fees in "defending this meritless suit." The Defendants are correct in that "a district court may in its

discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 421 (1978). However, such an award is discretionary, and the undersigned concludes that the facts of this case do not warrant an award of attorney's fees against this pro se Plaintiff. Accordingly, the undersigned will respectfully recommend that the Defendants' request for attorney's fees be denied.

## III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Defendants' Alternative Motion for Summary Judgment (document #7) be **GRANTED**, but that their request for attorney's fees be **DENIED**, and that the Plaintiff's Motion for Discovery (document #19) be **DENIED** as moot.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109

F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: March 28, 2007

_Carl Horn, III_

Carl Horn, III
United States Magistrate Judge